COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __DIAZ,_____ __ENRIQUE_____ _____
       (Last)                                (First)                            (Middle)

Prisoner Number: __K-70268_____

Institutional Address: __SALINAS VALLEY STATE PRISON_____
__PO BOX 1050 * SOLEDAD, CA 93960_____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENRIQUE DIAZ,   )
(Enter your full name.)   )
   vs.   ) Case No. __CV 14 3111__
M. PEREZ, CORR. OFFICER,   ) (Leave blank; to be provided by Clerk of Court.)
R. MARTINEZ CORR. LT.;   ) COMPLAINT UNDER THE
J.J. HUGHES, CORR. CPT.;   ) CIVIL RIGHTS ACT,
(Enter the full name(s) of the defendant(s) in this action.)   ) 42 U.S.C. § 1983

## I. Exhaustion of Administrative Remedies.

Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __SALINAS VALLEY STATE PRISON AT SOLEDAD, CA.__

B. Is there a grievance procedure in this institution?  YES ☒  NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?  YES ☒  NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: _____
                     **BYPASSED BY DEFENDANTS'**
   _____
                          **REGULATIONS**
   _____

COMPLAINT Page 1 of 4

2. First formal level: __--BYPASSED BY DEFENDANTS' REGULATIONS--__

3. Second formal level: __DISC. APPEAL #SVSP-L-12-00095 GRANTED IN PART ON JAN. 27, 2012 ORDERING THE RVR TO BE RE-ISSUED AND RE-HEARD BECAUSE OF DUE PROCESS VIOLATIONS.__

4. Third formal level: __DISC. APPEAL #SVSP-L-12-04425 DENIED ON 2/22/13; TLR #1209770 GRANTED IN PART, (AMENDED DECISION) ON 2/6/14 INVALIDATING THE OUTCOME OF THE RVR.__

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

__N/A__

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

__ENRIQUE DIAZ, K-70268__

__A4-122   PO BOX 1050 *   SOLEDAD, CA 93960__

B. For each defendant, provide full name, official position and place of employment.

__M. PEREZ, CORR. OFFICER AT SVSP; R.A. KESSLER, CORR. LT. AT SVSP;__

__R. BINKELE, CORR. CPT AT SVSP; B. HEDRICK, CHIEF DISC. OFFICER AT SVSP;__

__J. STEVENSON, CORR. LT. AT SVSP; V. SOLIS, CORR. CPT. AT SVSP;__

__R.L. MARTINEZ, CORR. LT. AT SVSP; J.J. HUGHES, CORR. CPT. AT SVSP.__

COMPLAINT *Page 2 of 4*

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

PLAINBTIFF CLAIMS THAT WHILE HE WAS INCARCERATED AT THE SALINAS VALLEY STATE PRISON, SERVING A LIFE WITHOUT THE POSSIBILITY OF PAROLE, DEFENDANT M. PEREZ, FALSIFIED/FABRICATED A RULE VIOLATION REPORT (RVR) ON NOV. 11, 2011 AND CHARGED PLAINTIFF WITH POSSESSION OF DANGEROUS CONTRABAND, STEMING FROM A CELL SEARCH ON NOV. 3, 2011.

ON NOV. 3, 2011 PLAINTIFF'S ASSIGNED CELL WAS SEARCHED BY DEFENDANT M. PEREZ, AT WHICH TIME DEFENDANT M. PEREZ PROVIDED FORTH CONFISCATION SLIP WHICH WAS CLEARED FROM ANY DANGEROUS CONTRABAND BUT NOTING OTHER INFORMATION.

ON NOV. 16, 2011 PLAINTIFF WAS ISSUED THE FALSED/FABRICATED RVR AUTHORED BY DEFENDANT M. PEREZ, CHARGING THE PLAINTIFF WITH POSSESSION OF DANGEROUS CONTRABAND.

## IV. Relief.   —-PLEASE, SEE ATTACHED SHEET IN SUPPORT THEREOF—-

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

PLAINTIFF REQUESTS COMPENSATORY NOMINAL AND PUNITIVE DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF; AND JURY BY TRIAL TO ALL TRIABLE ISSUES RAISED HEREIN.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this __1__ day of __JULY__, 20__14__

_E. Diaz_
(Plaintiff's signature)

*Please continue to the next page.*

COMPLAINT *Page 3 of 4*

COMPLAINT BROUGHT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§1983

## CONTINUANCE FROM SECTION III STATEMENT OF CLAIMS.

PAGE A-4

ON DEC. 5, 2011 DEFENDANT R.A. KESSLER CONDUCTED THE DISCIPLINARY HEARING OF THE FALSED/FABRICATED RVR, AT WHICH TIME PLAINTIFF REQUESTED TWO WITNESSES; THE SERGEANT WHO WAS "ALLEGEDLY" NOTIFIED OF THE DISCOVERY, AND PLAINTIFF'S CELLMATE AT THAT TIME. DEFENDANT R.A. KESSLER, SIMPLY DENIED THE REQUEST FOR WITNESSES, AND FOUND PLAINTIFF GUILTY, AND ASSESSED 30 DAYS FORFEITURE OF CREDITS; SEGREGATED PLAINTIFF FOR 60 DAYS IN HIS ASSIGNED CELL, ASSESSED THE LOSS OF FAMILY VISITS, RESTRICTED HIM FROM CANTEEN PURCHASES; NO PHONE CALLS; NO DAY ROOM; AND LIMITED YARD ACCESS TO THREE HOURS PER WEEK; AND NO SPECIAL PURCHASES AND PCKAGES.

ON DEC. 12, 2011 DEFENDANT R. BINKELE, REVIEWED THE FINDINGS, THE HEARING AND OUTCOME, AND DEFENDANT B. HEDRICK APPROVED THE FINAL DISCIPLINARY REPORT.

ON JAN. 5, 2012 DISSATISFIED, PLAINTIFF FILED HIS DISC. APPEAL #SVSP-L-12-0095 ARGUING DUE PROCESS VIOLATIONS IN THE DENIAL OF WITNESSES; THAT DEFENDANT M. PEREZ DIND'T FIND SAID CONTRABAND THE DAY IN QUESTION BECAUSE SAID INFORMATION WAS NOT LISTED IN THE CONFISCATION SLIP, CLAIMING THAT THE RVR WAS FALSE.

ONJAN. 27, 2012 THE SVSP APPEALS OFFICCE AGREED WITH PLAINTIFF THAT THE DENIAL OF WITNESS BY THE HEARING OFFICER WAS INSUFFICIENT, AND THEREFORE A DUE PROCESS VIOLATION WAS IDENTIFIED. BASED ON THAT IDENTIFIED DUE PROCESS VIOLATION, THE RVR WAS ORDERED RE-ISSUED AND RE-HEARD.

ON MARCH 2, 2012 WHILE PLAINTIFF WAS HOUSED AT CORCORAN, CA DEFENDANT J. STEVENSON EMPLOYED AT SVSP CONDUCTED THE DISC. HEARING THROUGH THE PHONE! PLAINTIFF STATED THAT HE WAS NOT BEING PROPERLY SERVED YET. DEFENDANT J. STEVENSON POSPONED THE HERING.

ON MARCH 9, 2012 DEFENDANT J. STEVENSON CONDUCTED THE RE-HEARING OF THE DISCIPLINARY RVR, AND PLAINTIFF ONJECTED BECAUSE HE HAS NOT BEEN SERVED, AND THE DISC. HEARING CANNOT BE HELD OVER THEPHONE. dEFENDANT J. STEVENSON, SIMPLY FOUND PLAINTIFF GUILTY, AND DISCONNECTED THE PHONE CALL.

COMPLAINT BROUGHT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§1983

PAGE A-5

ON MARCH 9, 2012 DEFENDANT V. SOLIS REVIEWED THE RVR FINAL REPORT, AND AGREED WITH IT OUTCOME  HEARING, PENALTIES, AND PROCESS.

ON MARCH 12, 2012 DEFENDANT B. HEDRICK, APPROVED THE DISCIPLINARY FINAL REPORT, APPROVING THE ASSESSMENT AND THE PROCESS OF THE HEARING.

PLAINTIFF THEN SUBMITTED HIS DISC. APPEAL #SVSP-L-1204425 ARGUING THAT HE WAS NEVER SERVED WITH THE RVR PRIOR THE HEARING, THAT HE WAS NEVER PROVIDED WITH THE NOTIFICATION OF THE RVR ITS RE-ISSUED AND RE-HEARD MEMORANDUM; THAT THE RVR DOES NOT STATES THAT PLAINTIFF WAS NOTIFIED OF THE RVR, BUT HIS CELL-MATE; THAT THE SHO CONDUCTED THE RVR HEARING OVER THE PHONE; THAT THE HEARING OFFICER DENIED THE WITNESS OVER THE PHONE; AND DENIED PLAINTIFF RIGHT TO PRODUCE ANY EVIDENCE BECAUSE THE HEARING WAS OVER THE PHONE.

ON FEB. 22, 2013 THE SVSP APPEALS OFFICE DENIED THE DISC. APPEAL #SVSP-L-12-04425, AND PLAINTIFF MOVED FOR THE THIRD LEVEL OF REVIEW #TLR-1209770.

ON MAY 28, 2013 THE THIRD LEVEL OF APPEALS CANCELLED THE APPEAL. DUE TO TIME CONSTRAINTS. AND PLAINTIFF SOUGHT RELIEF IN THE MONTEREY SUPERIOR COURT, THROUGH A STATE WRIT OF HABEAS CORPUS #HC-8078.

ON FEB. 06, 2014 THE THRID LEVEL OF APPEAL AMENDED ITS DECISION, ORDERING THE RVR BE RE-ISSUED AND REHEARD BECAUSE THE RE-HEARING OF THE RVR WAS NOT IN ACCORDANCE WITH GOVERNEMTNAL REGULATIONS AS THE HEARING WAS HELD OVER THEPHONE.

ON FEB. 13, 2014 DEFENDAANT V. SOLIS ORDERED THE RE-ISSUED AND RE-HEARD OF THE RVR, REFLECTING THAT THE TIME CONSTRAINTS BEGINS ON SAID DATE.

ON APRIL 1, 2014 PLAINTIFF WAS ISSUED THE RE-ISSUED NOTIFICATION OF THE RVR, AND ITS ATTACHEMENTS. PLAINTIFF CLAIMS THAT DEFENDANT R. MARTINEZ, INFORMED THE PLAINTIFF THAT NO PENALTIES WOULD BE ASSESSED AND THAT HE, HIMSELF, WOULD BE CONDUCTING THE RVR HEARING.

ON APRIL 9, 2014 DEFENDANT R. MARTINEZ CONDUCTED THE RVR HEARING, AT WHICH TIME

COMPLAINT BROUGHT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§1983

PAGE A-6

PLAINTIFF INTRODUCED HIS WRITTEN DOCUMENTARY EVIDENE, AND PROVIDED ENOUGH EVIDENCE TO DEFEND AGAINST THE FALSE CHARGES. AND REQUESTED WITNESSES. DEFENDANT M. PEREZ WAS WITNESS GRANTED, AND PLAINTIFF ASKED HIM IF HE, DEFENDANT M. PEREZ HAD SIGNED SAID RVR, INDICATING THE RVR TO BE TRUE. DEFENDAT LIED, AND SAID YES. PLAINTIFF CLAIMS THAT DEFENDANT M. PEREZ INTRODUCED FALSE STATEMENTS TO THE HEARING.

PLAINTIFF CLAIMS THAT DEFENDANT R.L. MARTINEZ STATED: "I'M AFFORDING YOU A HEARING PERSON, AS INDICATED IN THE RE-ISSUED AND RE-HEARD." AND IMPOSSED **0 DAYS FORFEITURE OF** CREDITS. **DUE TO A DUE PROCESS VIOLATION** IN NOT BEING SERVED IN A TIMELY MANNER. pLAINTIFF CLAIMS HAVING INVALIDATED THE OUTCOME OF THE RVR AS NO TIME CREDITS WERE IMPOSED.

PLAINTIFF CLAIMS THAT DEFENDANT J.J. HUGHES REVIEWED THE PROCESS OF THE AND HEARING OF THE RVR.

ON APRIL 10, 2014 DEFENDANT V. SOLIS APPROVED THE FINAL REPORT OF THE RVR, AND ADMIT BY APPROVING THE DUE PROCESS VIOLATIONS AND THE ASSESSMENT OF 0 DAYS FORFEITURE OF GOOD TIME CREDITS, AND THAT NO OTHER PENALTIES WERE ASSESSED.

PLAINTIFF CLAIMS THAT AT ALL TIMES, DEFENDANTS NAMED HEREIN HAVE VIOLATED HIS DUE PROCESS RIGHTS AT EVERY HEARING CONDUCTED IN THE RVR, AND PLAINTIFF HAVE INVALIDATED THE OUTCOME OF THE RVR, AND RESPECTFULLY BRINGS SUIT AGAINST EVERY AND ALL DEFENDANTS NAMED IN THIS ACTION IN THEIR OFFICIAL AND PERSONAL CAPACITY.

//
//
//